IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WARNER BROS. RECORDS INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; PRIORITY RECORDS LLC, a California limited liability company; MOTOWN RECORD COMPANY, L.P., a California limited partnership; LAFACE RECORDS LLC, a Delaware limited liability company; LAVA RECORDS LLC, a Delaware limited liability company; INTERSCOPE RECORDS, a California general partnership; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; CAROLINE RECORDS, INC., a New York corporation; BMG MUSIC, a New York general partnership; ATLANTIC RECORDING CORPORATION, a Delaware corporation; and ARISTA RECORDS LLC, a Delaware limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> DOES 1 - 17, <br><br> Defendants. | Case No. 07 C 06717 <br><br> Honorable David H. Coar |

**PLAINTIFFS' INITIAL STATUS REPORT**

Plaintiffs, by and through their undersigned counsel, respectfully submit the following Initial Status Report:

1. Plaintiffs filed their Complaint on November 29, 2007. In their Complaint, Plaintiffs named 17 John Doe Defendants because Defendants' true identities were unknown to Plaintiffs.

2. This is an action for copyright infringement. Each of the Defendants is actively

distributing anywhere from several dozen to several hundred sound recordings over the Internet; the copyrights for such recordings are by and large owned by Plaintiffs.  (*See* Exhibit A to the Complaint.)

3.   Plaintiffs do not presently know the identify of the Doe defendants in this case and must obtain information sufficient to identify them from Defendants' Internet Service Provider ("ISP"), Northern Illinois University (the "University").

4.   To that end, in order to determine the true name and identity of the Doe defendants in this infringement case, Plaintiffs filed an *Ex Parte* Application for Leave to Take Immediate Discovery ("Application"), requesting that the Court enter an order allowing Plaintiffs to serve a Rule 45 subpoena on the University seeking identifying information for the Doe defendants in this case.

5.   On November 30, 2007, the Court granted Plaintiffs' Application and entered an Order allowing Plaintiffs to serve a Rule 45 subpoena on the University to seek identifying information for the individuals associated with each of the 17 internet protocol ("IP") addresses listed in Attachment A to the subpoena.

6.   Plaintiffs served the subpoena on the University on December 19, 2007.  The University's response to the subpoena is due on January 18, 2007.

7.   The Court has scheduled a Rule 16(b) scheduling conference for January 9, 2008.  Pursuant to this Court's standing order, the parties have been directed to meet as required by Rule 26(f) and to submit a proposed scheduling order.

8.   Until Plaintiffs receive the University's response, they cannot identify the Doe defendants, and therefore cannot confer with them pursuant to Rule 26(f) or work with them to develop a joint discovery plan.

9.      After receiving a complete subpoena response from the University, Plaintiffs will attempt to contact Defendants and confer with them regarding a joint discovery plan. Based on their past experience in similar cases, and because Defendants are likely college students with erratic schedules who may be difficult to contact, Plaintiffs believe it could take them up to thirty (30) days to make contact with each of the Doe defendants.

10.     Accordingly, Plaintiffs anticipate that they will be in a position to meet and confer with the Doe defendants pursuant to Rule 26(f) and provide the Court with a status report within 45 days after they receive a subpoena response from the University. Plaintiffs will provide the Court with an additional status report once they have determined the Doe defendants' true identities and have begun attempting to contact them.

Respectfully submitted,

WARNER BROS. RECORDS INC.; VIRGIN RECORDS AMERICA, INC.; UMG RECORDINGS, INC.; SONY BMG MUSIC ENTERTAINMENT; PRIORITY RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; LAFACE RECORDS LLC; LAVA RECORDS LLC; INTERSCOPE RECORDS; ELEKTRA ENTERTAINMENT GROUP INC.; CAPITOL RECORDS, INC.; CAROLINE RECORDS, INC.; BMG MUSIC; ATLANTIC RECORDING CORPORATION; and ARISTA RECORDS LLC

DATED: January 4, 2008             By:  */s/ Ann Marie Bredin*
                                        Ann Marie Bredin (ARDC #06255663)

Keith W. Medansky (ARDC #06195673)
Ann Marie Bredin (ARDC #06255663)
Amanda C. Jones (ARDC #06286509)
**DLA PIPER US LLP**
203 N. LaSalle Street  Suite 1900
Chicago, Illinois 60601-1293
Tel. (312) 368-4000
Fax. (312) 236-7516

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

  I, Ann Marie Bredin, hereby certify that on January 4, 2008, I caused a copy of the *Plaintiffs' Initial Status Report* to be filed electronically. Notice of this filing was sent automatically, via the Court's CM/ECF system, to all parties that have filed an electronic appearance in this proceeding.


            By:  */s/ Ann Marie Bredin*
                Ann Marie Bredin