IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WARNER BROS. RECORDS INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; PRIORITY RECORDS LLC, a Delaware limited liability company; MOTOWN RECORD COMPANY, L.P., a California limited partnership; LAFACE RECORDS LLC, a Delaware limited liability company; LAVA RECORDS LLC, a Delaware limited liability company; INTERSCOPE RECORDS, a California general partnership; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; CAROLINE RECORDS, INC., a New York corporation; BMG MUSIC, a New York general partnership; ATLANTIC RECORDING CORPORATION, a Delaware corporation; and ARISTA RECORDS LLC, a Delaware limited liability company,<br><br>          Plaintiffs,<br><br>v.<br><br>DOES 1 - 17,<br><br>          Defendant. | Case No. 07 C 06717<br><br>Honorable David H. Coar |

**PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO EFFECTUATE SERVICE**

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiffs, WARNER BROS. RECORDS INC.; VIRGIN RECORDS AMERICA, INC.; UMG RECORDINGS, INC.; SONY BMG MUSIC ENTERTAINMENT; PRIORITY RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; LAFACE RECORDS LLC; LAVA RECORDS LLC; INTERSCOPE

RECORDS; ELEKTRA ENTERTAINMENT GROUP INC.; CAPITOL RECORDS, INC.; CAROLINE RECORDS, INC.; BMG MUSIC; ATLANTIC RECORDING CORPORATION; and ARISTA RECORDS LLC, ask this Court for an additional 90 days to serve the Doe Defendants with the Summons and Complaint. In support of their Motion, Plaintiffs state as follows:

1. This is an action for copyright infringement.

2. Plaintiffs filed their Complaint on November 29, 2007.

3. The deadline for service of process on the Doe Defendants is currently March 28, 2008. It has not been previously extended.

4. In order to determine the true name and identity of the Doe Defendants, it is Plaintiffs' practice to file an *Ex Parte* Application for Leave to Take Immediate Discovery to request the Court to enter an order allowing Plaintiffs to serve a Rule 45 subpoena on the Internet service provider ("ISP")—in this case, Northern Illinois University (the "University").

5. The Court granted Plaintiffs' Application for Leave to Take Immediate Discovery on November 30, 2007; the subpoena was promptly served upon, and received by, the University.

6. To date, the University has only been able to identify three of the seventeen infringers.

7 Unfortunately, as a result of the shooting tragedy on the Northern Illinois University campus, complete responses to Plaintiffs' requests for information have been delayed. Plaintiffs have been attempting to obtain the information from the University while at the same time recognizing the difficulty for the University to supply the information within the normal time frame. The University has recently responded with an e-mail stating in pertinent part,

> Unfortunately, I will not be able to provide you with a response in time for your hearing on Wednesday. But we are finally able to give attention to things that are not tragedy-related. Before 2/14, I had relayed your remaining concerns over the subpoenas to Ken and to IT and got initial feedback. I will dig up that information and put my eyes back on it. Again, thank you for your understanding. I don't have an exact timeline for response, but I will make this a priority for you and get back to you shortly.

8. There is not a sufficient amount of time prior to the service deadline for the University to respond with the true name and address of the Doe Defendants and for Plaintiffs then to serve Defendants with the Summons and Complaint.

9. Given the circumstances of this case, Plaintiffs respectfully request an additional 90 days to effectuate service.

10. Plaintiffs' filing of their *Ex Parte* Application for Leave to Take Immediate Discovery demonstrates the "good cause" required under Rule 4 for an extension of time for service. *See Ritts v. Dealers Alliance Credit Corp.*, 989 F. Supp. 1475, 1479 (N.D. Ga. 1997) (granting extension of service deadline upon a showing of good cause). This Court has discretion to enlarge the time to serve even where there is no good cause shown. *Henderson v. United States*, 517 U.S. 654, 658 n. 5 (1996).

11. Because the copyright infringements here occurred in 2007, the three-year limitations period for these claims has not expired. *See*, 17 U.S.C. § 507(b) (2000). There can thus be no prejudice to the Defendants from any delay in serving the Complaint.

Respectfully submitted,

WARNER BROS. RECORDS INC.; VIRGIN RECORDS AMERICA, INC.; UMG RECORDINGS, INC.; SONY BMG MUSIC ENTERTAINMENT; PRIORITY RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; LAFACE RECORDS LLC; LAVA RECORDS LLC; INTERSCOPE RECORDS; ELEKTRA ENTERTAINMENT GROUP INC.; CAPITOL RECORDS, INC.; CAROLINE RECORDS, INC.; BMG MUSIC; ATLANTIC RECORDING CORPORATION; and ARISTA RECORDS LLC

Plaintiffs

DATED: March 21, 2008                    By:     /s/ Ann Marie Bredin
                                                 One of their attorneys

Keith W. Medansky (ARDC #06195673)
Ann Marie Bredin (ARDC #06255663)
Amanda C. Jones (ARDC #06286509)
**DLA PIPER US LLP**
203 N. LaSalle Street  Suite 1900
Chicago, Illinois 60601-1293
Tel. (312) 368-4000
Fax. (312) 236-7516

Attorneys for Plaintiffs